UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ELISABETH JACOBY; GLENN JACOBY; REBECCA JANE JACKSON; RUBY WAGONER; ELRA GUERIN; DEBORAH TRABER; NORA ROMERO; DARL BARBALACCI, Plaintiffs, v. PFIZER INC.; GREENSTONE LLC; McKESSON CORPORATION, Defendants. | Case No.: 3:16-cv-00471-BEN-JLB <br><br> **ORDER REQUESTING BRIEFING ON EXISTENCE OF FEDERAL JURISDICTION AND PROPER VENUE** |
|---|---|

Plaintiffs filed this action in state court. Defendants Pfizer Inc. and Greenstone LLC removed the case to this Court, asserting (1) diversity jurisdiction and (2) federal jurisdiction under the Class Action Fairness Act's ("CAFA") "mass action" provision. The parties never litigated in this Court whether removal was proper because, upon removal, the case was transferred to a multidistrict litigation ("MDL") proceeding in the District of South Carolina (the "MDL court").

Almost a year after removal, in February 2017, the United States Judicial Panel on Multidistrict Litigation remanded the case because the MDL court lacked jurisdiction. The MDL court found that diversity jurisdiction did not exist "and that the only possible

basis for federal jurisdiction is CAFA." (Docket No. 10). Because CAFA precludes MDL consideration of a case removed to federal court under CAFA's "mass action" provision, like this one, the MDL court remanded the action.

In the briefs filed in the MDL court, Plaintiffs contended that CAFA jurisdiction does not exist. They sought to add this case to an existing coordinated proceeding in California state court. Pfizer argued that federal jurisdiction exists. The MDL court did not determine whether CAFA jurisdiction exists to maintain this action in federal court. Therefore, whether this Court has jurisdiction to consider this action is an open question.

Accordingly, the Court requests briefing to determine whether it has federal jurisdiction under CAFA. Removing defendants must file an opening brief addressing whether federal jurisdiction exists and whether venue is proper in this Court. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (holding that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction"). The brief must be filed by March 17, 2017. Plaintiffs must file a response by March 31, 2017. Removing defendants may file a reply by April 7, 2017. Defendant McKesson Corporation, which did not join in the removal, must file a statement of its position by April 7, 2017. The Court will then take the matter under submission without oral argument. After review of the fully briefed matter, the parties will be notified of an oral argument hearing date, if any. The parties' briefs must comply with the requirements for Civil Local Rule 7.1.

If the parties agree that this action should be remanded to state court, they may file a joint stipulation at any time.

**IT IS SO ORDERED.**

Dated: March 3, 2017

_____
Hon. Roger T. Benitez
United States District Judge